EDWARD CERRUTI, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2945.    Promulgated September 29, 1927.

A deduction for obsolescence of good will resulting from national prohibition denied.

*John J. Goldman, Esq.*, for the petitioner.
*A. George Bouchard, Esq.*, for the respondent.

11340°—28——27

This proceeding is for the redetermination of a deficiency in income tax for the year 1919 in the amount of $1,564.30. The deficiency arises from the disallowance by the respondent of a deduction of $25,000 claimed by the partnership of E. H. Lancel Co., of which the petitioner was a member, on account of obsolescence of good will and trade-marks.

FINDINGS OF FACT.

The petitioner is and has been for many years a resident of California. In the year 1903 he, as sole proprietor, engaged in the wholesale and retail wine and liquor business at San Francisco, under the name Cerruti Mercantile Co. In the year 1905 he incorporated his business under the same name with a capital stock of 500 shares of the par value of $100 each, of which he owned 255 shares, the remainder being owned by his four brothers. The corporation conducted the business of making wine and selling wines, liquors and kindred products until 1914, when it either changed its name to Promotion Wine & Liquor Co., or transferred its assets to a new corporation of that name. The Promotion Wine & Liquor Co. engaged in the wine and liquor business until the year 1916, when it was dissolved and all of its assets were transferred to the petitioner, who had acquired all of its capital stock and who continued the business as a sole proprietor until July 1, 1918. The Cerruti Mercantile Co. and the Promotion Wine & Liquor Co. had a registered trade-mark, " Old Promotion," and they sold wines and liquor under that name.

For many years prior to 1906 E. H. Lancel was engaged in the business of making and distributing wine at San Francisco under his own name. In that year he incorporated his business under the name of E. H. Lancel & Co. The corporation continued in business until the year 1915, when it appears to have been dissolved and its assets transferred to Lancel, who continued the business as an individual until July 1, 1918. Lancel and E. H. Lancel & Co., during the period mentioned, had built up their business and distributed their products under the trade-mark " L " crossed by a lance, and their products became known by the name " Lancel."

On July 1, 1918, the petitioner and E. H. Lancel merged the wine and liquor businesses then being conducted by them, into a partnership under the firm name of E. H. Lancel Co. The partnership articles recite that the petitioner contributed in merchandise at agreed prices the amount of $17,500, and that Lancel contributed in merchandise at agreed prices the amount of $10,000 and gave to the petitioner his promissory note for $3,750, payable one day after date. No mention of good will was made in the partnership articles, it being considered by the petitioner and Lancel that their respective

good wills, if any, were of equal value. However, neither the petitioner nor Lancel, nor either of the corporations with which they had been identified, had ever carried any good will on his or its books. The partnership continued in business until December 31, 1919, when it was dissolved. During its existence it made, sold and distributed wines and liquors under the trade-marks and names thereof used by the Cerruti Mercantile Co., the Promotion Wine & Liquor Co., and E. H. Lancel & Co.

The partnership of E. H. Lancel Co. in its income and profits-tax return for the year 1919 deducted the amount of $25,000 as an allowance for obsolescence of its good will and trade-marks. The respondent disallowed the deduction and increased the petitioner's distributive share of the partnership income accordingly, and determined that as to the petitioner there is a deficiency in tax in the amount of $1,564.30.

### OPINION.

MARQUETTE: It is the contention of the petitioner that the partnership of E. H. Lancel Co. had good will and trade-marks of the value of at least $25,000, which upon the advent of national prohibition became worthless, and that the partnership in computing its net income for 1919 is entitled to deduct the amount of $25,000 as an allowance for obsolescence of such good will and trade-marks. He further contends that if we should hold that the partnership is not entitled to a deduction for obsolescence of good will and trade-marks, it should be permitted to deduct the value thereof from gross income for 1919 under section 234 (a) (4) of the Revenue Act of 1918 as a loss " sustained during the taxable year and not compensated for by insurance or otherwise."

This Board has heretofore held in the *Appeal of Manhattan Brewing Co.*, 6 B. T. A. 952, and *Appeal of Standard Brewing Co.*, 6 B. T. A. 980, that under the Revenue Act of 1918 a taxpayer is not entitled to any deduction on account of obsolescence of good will. See also *Red Wing Malting Co.* v. *Willcuts*, 15 Fed (2d) 626; *Haberle Crystal Springs Brewing Co.* v. *Clark*, 20 Fed. (2d) 540. These decisions, from which we see no reason to depart, effectively dispose of the petitioner's first contention, even though it be conceded that the partnership had valuable good will which was destroyed by national prohibition.

However, it is not necessary for us to rest our decision here on the decisions just cited. The record in this proceeding fails to show that the partnership ever had any good will or, if it did have good will, the evidence does not show either its cost or value. Testimony was introduced by the petitioner in an effort to establish that the corporation, E. H. Lancel & Co., had valuable good will on March 1, 1913,

but there is no evidence from which we can find that the petitioner and Lancel received good will of any value when they dissolved their respective corporations in 1915 and 1916, or that either of them transferred or had any good will to transfer to the partnership in 1918. Since the record failed to establish that the partnership had any good will it follows that it is not entitled to the deduction claimed and it is not necessary for us to discuss the legal question raised by the petitioner's second contention.

*Judgment will be entered for the respondent.*

Considered by PHILLIPS, MILLIKEN, and VAN FOSSAN.